USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 7/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILIA ISSAKOVA, ET AL.,

Plaintiffs,

-v-

THE ANTHEM COMPANIES, INC., ET AL.,

Defendants.

**ORDER APPROVING SETTLEMENT AND DISMISSING CASE**

24-CV-8718 (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

This case is an action for damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c).

The Court has received the parties' joint letter request that the Court approve their settlement agreement, a fully executed copy of which was submitted on July 21, 2026. ECF Nos. 78, 78-1. The Court also has considered the contemporaneous time records and documentation of costs and expenses provided by plaintiffs' counsel. ECF Nos. 78-2, 78-3. A federal court is obligated to determine whether settlement of an FLSA case under the court's consideration is fair and reasonable and the subject of an arm's length negotiation, not an employer's overreaching. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

The Court has carefully reviewed the Settlement Agreement as well as the parties' letter. The Court has taken into account, without limitation, prior

proceedings in this action; the attendant risks, burdens, and costs associated with continuing the action; the range of possible recovery; whether the Settlement Agreement is the product of arm's length bargaining between experienced counsel or parties; the amount of attorney's fees; and the possibility of fraud or collusion. Among other attributes of the Settlement Agreement, there are no confidentiality restrictions; and the attorneys' fees are within a fair, reasonable, and acceptable range. Although the release is not limited to wage and hour claims, a broader release is appropriate here because plaintiffs also allege that they were the victims of harassment and were subjected to a hostile work environment. *See Intal v. Erie Agustin, M.D. Primary Care, P.C.*, 18-CV-3196, 2022 WL 892084 at *3 (E.D.N.Y. Jan. 27, 2022) ("While Courts disfavor general releases in the *Cheeks* context, courts have found these releases permissible where, as here, the settlement resolves both wage and hour and non-wage and hour claims.") *(citing Panganiban v. Medex Diagnostics and Treatment Center, LLC*, 15-CV-2588, 2016 WL 927183 (E.D.N.Y. Mar. 7, 2016), *report and recommendation adopted*, 2022 WL 889041 (E.D.N.Y. Mar. 25, 2022). As explained in the letter supporting the settlement, defendants view themselves as paying a premium to resolve those other claims. Considering all the circumstances, the Court finds that the Settlement Agreement is fair and reasonable and it is hereby approved.

This case, having been resolved by settlement, is hereby dismissed and discontinued in its entirety, with prejudice, without costs or fees to any party, except as provided for in the Settlement Agreement.

The Clerk of Court is respectfully requested to terminate all motions and deadlines, and to close this case.

**SO ORDERED.**

Dated: July 24, 2026
New York, New York

Henry J. Ricardo
United States Magistrate Judge